1   SEYFARTH SHAW LLP
    Lawrence E. Butler (SBN: 111043)
2   E-mail: lbutler@seyfarth.com
    Krista L. Mitzel (SBN: 221002)
3   E-mail: kmitzel@seyfarth.com
    560 Mission Street, Suite 3100
4   San Francisco, California 94105
    Telephone: (415) 397-2823
5   Facsimile: (415) 397-8549

6   Attorneys for Plaintiff and Counterdefendant
    LUCENT TECHNOLOGIES INC.

7   NIXON PEABODY LLP
8   Stephen G. Schrey (SBN: 62680)
    E-Mail: sschrey@nixonpeabody.com
9   Marcie A. Keenan (SBN: 177939)
    E-Mail: mkeenan@nixonpeabody.com
10  Two Embarcadero Center, Suite 2700
    San Francisco, CA 94111
11  Telephone: (415) 984-8228
    Facsimile: (415) 984-8300
12
    Attorneys For Third-Party Defendant
13  SOLECTRON CORPORATION

    HOWREY LLP
    Benjamin K. Riley (SBN: 112007)
    E-mail: RileyB@Howrey.com
    Matthew F. Greinert (SBN: 239492)
    E-mail: GreinertM@Howrey.com
    525 Market Street, Suite 3600
    San Francisco, California 94105
    Telephone: (415) 848-4900
    Facsimile: (415) 848-4999

    SILLS CUMMIS EPSTEIN & GROSS P.C.
    Joseph L. Buckley (Pro Hac Vice)
    E-mail: jbuckley@sillscummis.com
    One Riverfront Plaza
    Newark, New Jersey 07102-5400
    Telephone: (973) 643-7000
    Facsimile: (973) 643-6500

    Attorneys for Defendant, Counterclaim Plaintiff,
    and Third-Party Plaintiff
    DICON FIBEROPTICS, INC.

14                    UNITED STATES DISTRICT COURT

15              THE NORTHERN DISTRICT OF CALIFORNIA

16  LUCENT TECHNOLOGIES INC.,          )   Case No. C 06-05056 PJH
                                       )
17              Plaintiff/Counterdefendant,   )   [PROPOSED] PROTECTIVE ORDER
                                       )
18      v.                             )
                                       )
19  DICON FIBEROPTICS, INC.            )
                                       )
20              Defendant/Counterclaimant.    )
                                       )
21  _____ )
                                       )
    DICON FIBEROPTICS, INC.            )
22                                     )
              Third-Party Plaintiff,   )
23      v.                             )
                                       )
24  SOLECTRON CORPORATION, INC.,       )
                                       )
25              Third-Party Defendant.        )
                                       )
26  _____ )

27

28

                                      1

Case 4:06-cv-05056-PJH   Document 50   Filed 04/04/07   Page 2 of 13
Case 3:06-cv-05056-PJH   Document 47-1   Filed 03/29/2007   Page 2 of 13

1      WHEREAS the parties desire to enter into a protective order governing the production

2   and use of documents in this action;

3      IT IS HEREBY STIPULATED THAT:

4  **1.    PURPOSES AND LIMITATIONS**

5      Disclosure and discovery activity in this action are likely to involve production of

6   confidential, proprietary, or private information for which special protection from public

7   disclosure and from use for any purpose other than prosecuting this litigation would be

8   warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the

9   following Stipulated Protective Order. The parties acknowledge that this Order does not confer

10   blanket protections on all disclosures or responses to discovery and that the protection it affords

11   extends only to the limited information or items that are entitled under the applicable legal

12   principles to treatment as confidential. The parties further acknowledge, as set forth in Section

13   10, below, that this Stipulated Protective Order creates no entitlement to file confidential

14   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

15   and reflects the standards that will be applied when a party seeks permission from the Court to

16   file material under seal.

17  **2.    DEFINITIONS**

18      **2.1   Party:** any party to this action, including all of its officers, directors,

19   employees, consultants, retained experts, and outside counsel (and their support staff).

20      **2.2   Disclosure or Discovery Material:** all items or information, regardless

21   of the medium or manner generated, stored, or maintained (including, among other things,

22   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

23   responses to discovery in this matter.

24      **2.3   "Confidential" Information or Items:** information (regardless of how

25   generated, stored or maintained) or tangible things that are not publicly available and which the

26   Producing Party believes in good faith to constitute, contain, reveal or reflect sensitive or

27   valuable proprietary or trade secret information, and that further qualifies for protection under

28   the standards developed under Fed. R. Civ. P. 26(c).

2

PROTECTIVE ORDER / CASE NO. C 06-05056 PJH

1 **2.4**   **Receiving Party:** a Party that receives Disclosure or Discovery Material
2 from a Producing Party.

3 **2.5**   **Producing Party:** a Party or non-party that produces Disclosure or
4 Discovery Material in this action.

5 **2.6**   **Designating Party:** a Party or non-party that designates information or
6 items that it produces in disclosures or in responses to discovery as "Confidential."

7 **2.7**   **Protected Material:** any Disclosure or Discovery Material that is
8 designated as "Confidential."

9 **2.8**   **Outside Counsel:** attorneys who are not employees of a Party but who are
10 retained to represent or advise a Party in this action.  Outside Counsel who are not of record in
11 this action must sign the Acknowledgement and Agreement to Be Bound (Exhibit A) before
12 being granted access to Confidential Information or Items.

13 **2.9**   **House Counsel:** attorneys who are employees of a Party.

14 **2.10**   **Counsel (without qualifier):** Outside Counsel and House Counsel (as
15 well as their support staffs).

16 **2.11**   **Expert:** a person with specialized knowledge or experience in a matter
17 pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert
18 witness or as a consultant in this action.

19 **2.12**   **Professional Vendors:** persons or entities that provide litigation support
20 services (e.g., photocopying; videotaping; translating; organizing, storing, retrieving data in any
21 form or medium; etc.) and their employees and subcontractors.

22 **2.13**   **Graphics/Trial Consultants:** graphics or design consultants retained by a
23 Party or its Counsel for purposes of preparing demonstrative or other exhibits for deposition,
24 trial, or other court proceedings in this action; or non-technical jury or trial consultants, including
25 for mock juries, retained by a Party or its Counsel.

26 **3.**   **SCOPE**

27 The protections conferred by this Stipulation and Order cover not only Protected Material
28 (as defined above), but also any information copied or extracted therefrom, as well as all copies,

3

1 | excerpts, summaries, or compilations thereof plus testimony, conversations, or presentations by

2 | Parties or their Counsel to or in court or in other settings that might reveal Protected Material.

3 | **4.   DURATION**

4 | Even after the termination of this litigation, the confidentiality obligations imposed by

5 | this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

6 | order otherwise directs.

7 | **5.   DESIGNATING PROTECTED MATERIAL**

8 | **5.1   Exercise of Restraint and Care in Designating Material for Protection.**

9 | Each Party or non-party that designates information or items for protection under this

10 | Order must take care to limit any such designation to specific material that qualifies under the

11 | appropriate standards. A Designating Party must take care to designate for protection only those

12 | parts of material, documents, items, or oral or written communications that qualify—so that other

13 | portions of the material, documents, items, or communications for which protection is not

14 | warranted are not swept unjustifiably within the ambit of this Order.

15 | Mass, indiscriminate, or routinized designations are prohibited. Designations that are

16 | shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

17 | unnecessarily encumber or retard the case development process, or to impose unnecessary

18 | expenses and burdens on other parties), expose the Designating Party to sanctions.

19 | If a Party or non-party determines that information or items that it designated for

20 | protection do not qualify for protection at all, or do not qualify for the level of protection initially

21 | asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

22 | mistaken designation.

23 | **5.2   Manner and Timing of Designations.** Except as otherwise provided in

24 | this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or

25 | ordered, material that qualifies for protection under this Order must be clearly so designated

26 | before the material is disclosed or produced.

27 | Designation in conformity with this Order requires:

28 | (a)   For information in documentary form (apart from transcripts of

1  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

2  CONFIDENTIAL" on each page that contains Protected Material.

3             A Party or non-party that makes original documents or materials available for

4  inspection need not designate them for protection until after the inspecting Party has indicated

5  which material it would like copied and produced. Unless otherwise stated by the Producing

6  Party, during the inspection and before the designation, all of the material made available for

7  inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the

8  documents it wants copied and produced, the Producing Party must determine which documents,

9  or portions thereof, qualify for protection under this Order, then, before producing the specified

10  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" on each

11  page that contains Protected Material.

12             (b)     For testimony given in deposition or in other pretrial or trial proceedings,

13  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

14  close of the deposition, hearing, or other proceeding that the transcript contains confidential

15  information. Alternatively, within 20 days of receiving the deposition transcript, any Party may

16  designate specific portions of the deposition as "CONFIDENTIAL" by advising all parties and

17  the court reporter in writing of the designation, which shall then be affixed to the transcript

18  pages.

19             (c)     For information produced in some form other than documentary, and for

20  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

21  the container or containers in which the information or item is stored the legend

22  CONFIDENTIAL."

23             **5.3**     **Inadvertent Failures to Designate.** If timely corrected, an inadvertent

24  failure to designate qualified information or items as "CONFIDENTIAL" does not, standing

25  alone, waive the Designating Party's right to secure protection under this Order for such

26  material. If material is appropriately designated as "CONFIDENTIAL" after the material was

27  initially produced, the Receiving Party, on timely notification of the designation, must-make-

28  reasonable efforts to assure that the material is treated in accordance with the provisions of this

5

PROTECTIVE ORDER / CASE NO. C 06-05056 PJH

1  Order.

2  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

3        **6.1    Timing of Challenges.** Unless a prompt challenge to a Designating
4  Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,
5  unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party
6  does not waive its right to challenge a confidentiality designation by electing not to mount a
7  challenge promptly after the original designation is disclosed.

8        **6.2    Meet and Confer.** A Party that elects to initiate a challenge to a
9  Designating Party's confidentiality designation must do so in good faith and must begin the
10  process by conferring directly (in voice to voice dialogue; other forms of communication are not
11  sufficient) with Outside Counsel for the Designating Party. In conferring, the challenging Party
12  must explain the basis for its belief that the confidentiality designation was not proper and must
13  give the Designating Party an opportunity to review the designated material, to reconsider the
14  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
15  designation. A challenging Party may proceed to the next stage of the challenge process only if
16  it has engaged in this meet and confer process first.

17        **6.3    Judicial Intervention.** A Party that elects to press a challenge to a
18  confidentiality designation after considering the justification offered by the Designating Party
19  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule
20  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the
21  challenge. Each such motion must be accompanied by a competent declaration that affirms that
22  the movant has complied with the meet and confer requirements imposed in the preceding
23  paragraph and that sets forth with specificity the justification for the confidentiality designation
24  that was given by the Designating Party in the meet and confer dialogue.

25      The burden of persuasion in any such challenge proceeding shall be on the Designating
26  Party. Until the Court rules on the challenge, all parties shall continue to afford the material in
27  question the level of protection to which it is entitled under the Producing Party's designation.

28  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

1      **7.1      Basic Principles.** A Receiving Party may use Protected Material that is

2  disclosed or produced by another Party or by a non-party in connection with this case only for

3  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

4  disclosed only to the categories of persons and under the conditions described in this Order.

5  When the litigation has been terminated, a Receiving Party must comply with the provisions of

6  Section 11, below (FINAL DISPOSITION).

7      Protected Material must be stored and maintained by a Receiving Party at a location and

8  in a secure manner that ensures that access is limited to the persons authorized under this Order.

9      **7.2      Disclosure of "CONFIDENTIAL" Information or Items.** Unless

10  otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

11  Party may disclose any information or item designated "CONFIDENTIAL" only to:

12      (a)      the Receiving Party's Outside Counsel, as well as employees of said

13  Outside Counsel to whom it is reasonably necessary to disclose the information for this

14  litigation;

15      (b)      the officers, directors, and employees (including House Counsel) of the

16  Receiving Party to whom disclosure is reasonably necessary for this litigation;

17      (c)      experts (as defined in this Order) to whom disclosure is reasonably

18  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

19  Order" (Exhibit A);

20      (d)      the Court and its personnel;

21      (e)      court reporters, their staffs, and Professional Vendors to whom disclosure

22  is reasonably necessary for this litigation;

23      (f)      during their depositions and in preparation for their depositions, witnesses

24  in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition

25  testimony or exhibits to depositions that reveal Protected Material must be separately bound by

26  the court reporter and may not be disclosed to anyone except as permitted under this Stipulated

27  Protective Order;

28      (g)      the author of the document or the original source of the information; and

7

PROTECTIVE ORDER / CASE NO. C 06-05056 PJH

1         (h)    any Party, who then shall have all the rights and duties of a Receiving

2 Party.

3 **8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

4 **OTHER LITIGATION**

5     If a Receiving Party is served with a subpoena that would compel disclosure of any

6 information or items designated in this action as "CONFIDENTIAL," the Receiving Party must

7 so notify the Designating Party, in writing (by fax and/or electronic mail, if possible)

8 immediately and in no event more than three court days after receiving the subpoena or order.

9 Such notification must include a copy of the subpoena or court order.

10     The Receiving Party also must immediately inform in writing the Party who caused the

11 subpoena or order to issue in the other litigation that some or all the material covered by the

12 subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

13 deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

14 caused the subpoena or order to issued.

15     The purpose of imposing these duties is to alert the interested parties to the existence of

16 this Protective Order and to afford the Designating Party in this case an opportunity to try to

17 protect its confidentiality interests in the court from which the subpoena or order issued. The

18 Designating Party shall bear the burdens and the expenses of seeking protection in that court of

19 its confidential material—and nothing in these provisions should be construed as authorizing or

20 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

21 **9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

23 Material to any person or in any circumstance not authorized under this Stipulated Protective

24 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

25 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

26 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

27 this Order, and (d) request such person or persons to execute the "Acknowledgment and

28 Agreement to Be Bound" that is attached hereto as Exhibit A.

8
PROTECTIVE ORDER / CASE NO. C 06-05056 PJH

1  **10.  FILING PROTECTED MATERIAL**

2         Without written permission from the Designating Party or a court order secured after

3  appropriate notice to all interested persons, a Party may not file in the public record in this action

4  any Protected Material. A Party that seeks to file under seal any Protected Material must comply

5  with Civil Local Rule 79-5. Procedures governing the use at trial of Protected Information may,

6  if necessary, be established by further Order of the Court.

7  **11.  RETURN OF INADVERTENTLY PRODUCED PRIVILEGED MATERIAL**

8         If the Producing Party inadvertently discloses or produces information that is protected

9  by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, the

10  Producing Party shall promptly, upon discovery of the disclosure, notify in writing the Receiving

11  Party of the inadvertent production, and request that the material(s) be returned. Similarly, if the

12  Receiving Party discovers information which on its face appears to be protected by the attorney-

13  client privilege, the work-product doctrine, or any other applicable privilege and thus appears to

14  have been inadvertently produced, the Receiving Party will promptly so notify the Producing

15  Party, at which time the Producing Party may request that such material(s) be returned. If a

16  request to return allegedly privileged material is made, thereafter no one shall assert that the

17  inadvertent disclosure waived any privilege or immunity or that the Producing Party did not take

18  reasonable care in ensuring against inadvertent production of privileged materials; however, as

19  set forth below, a party may continue to seek the production of the allegedly privileged materials

20  on grounds other than waiver based on its inadvertent production in this case.

21         Upon receiving a request to return allegedly privileged material, the Receiving Party

22  must, within 15 calendar days of receipt of the request to return the material, either: (a) return,

23  sequester, or destroy the specified material and any copies it has, and make no further use or

24  disclosure of the material; or (b) file a motion with the Court, under seal so as to protect the

25  confidentiality of the material, so the Court can decide if the material is privileged and/or should

26  be produced, in which case the Producing Party must preserve the material and make no further

27  use of it until the claim is resolved. In addition, if the Receiving Party has already disclosed the

28  allegedly privileged material before receiving the request to return it, the Receiving Party must

9

PROTECTIVE ORDER / CASE NO. C 06-05056 PJH

1   take reasonable steps to retrieve the material. If the Receiving Party does file a motion with the

2   Court challenging the assertion of privilege, and the Court upholds the privilege, the Receiving

3   Party shall return or destroy the inadvertently produced material, and all copies and derivations

4   thereof, within five court days of the Court's order. Where privileged material is to be destroyed

5   by the Receiving Party, the Receiving Party shall confirm in writing that the inadvertently

6   produced material was destroyed, or return it to the Producing Party, and such material shall not

7   be used for any purpose in the litigation.

8   **12.   FINAL DISPOSITION**

9   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

10   after the final termination of this action, each Receiving Party must return or destroy all

11   Protected Material to the Producing Party. As used in this subdivision, "all Protected Material"

12   includes all copies, abstracts, compilations, summaries or any other form of reproducing or

13   capturing any of the Protected Material. Whether the Protected Material is returned or destroyed,

14   the Receiving Party must submit a written certification to the Producing Party (and, if not the

15   same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

16   category, where appropriate) all the Protected Material that was returned or destroyed and that

17   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

18   or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this

19   provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers,

20   transcripts, legal memoranda, correspondence or attorney work product, even if such materials

21   contain Protected Material.

22   Any such archival copies that contain or constitute Protected Material remain subject to

23   this Protective Order as set forth in Section 4 (DURATION), above.

24   **13.   MISCELLANEOUS**

25   **13.1   Right to Further Relief.** Nothing in this Order abridges the right of any

26   person to seek its modification by the Court in the future.

27   **13.2   Right to Assert Other Objections.** By stipulating to the entry of this

28   Protective Order no Party waives any right it otherwise would have to object to disclosing or

10

PROTECTIVE ORDER / CASE NO. C 06-05056 PJH

1 | producing any information or item on any ground not addressed in this Stipulated Protective

2 | Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the

3 | material covered by this Protective Order.

4 |     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6

7 | DATED: March   , 2007                    SEYFARTH SHAW LLP

8 |                                         . By_____
                                                    Lawrence E. Butler
9 |                                               Krista L. Mitzel

10 |                                        Attorneys for Plaintiff and Counterdefendant
                                             LUCENT TECHNOLOGIES, INC.
11

12

13 | DATED: March   , 2007                    HOWREY LLP

14 |                                        _____

15 |                                               Benjamin K. Riley
                                                 Matthew F. Greinert
16

17 |                                        SILLS CUMMIS EPSTEIN & GROSS P.C.

18 |                                        _____

19 |                                               Joseph L. Buckley

20 |                                        Attorneys For Defendant, Counterclaim
                                             Plaintiff and Third-Party Plaintiff
21 |                                          DICON FIBEROPTICS, INC.

22

23 | DATED: March   , 2007                    NIXON PEABODY LLP

24

25 |                                        _____
                                                 Stephen G. Schrey
26 |                                             Marcie A. Keenan

27 |                                        Attorneys for Third-Party Defendant
                                             SOLECTRON CORPORATION
28

11
PROTECTIVE ORDER / CASE NO. C 06-05056 PJH

1  producing any information or item on any ground not addressed in this Stipulated Protective

2  Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the

3  material covered by this Protective Order.

4          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6
7  DATED: March    , 2007                          SEYFARTH SHAW LLP

8                                                  By_____
9                                                       Lawrence E. Butler
                                                          Krista L. Mitzel
10                                                 Attorneys for Plaintiff and Counterdefendant
11                                                 LUCENT TECHNOLOGIES, INC.

12
13  DATED: March    , 2007                         HOWREY LLP

14
15                                                 _____
                                                       Benjamin K. Riley
16                                                     Matthew F. Greinert

17                                                 SILLS CUMMIS EPSTEIN & GROSS P.C.

18
19                                                 _____
                                                        Joseph L. Buckley

20                                                 Attorneys For Defendant, Counterclaim
21                                                 Plaintiff and Third-Party Plaintiff
                                                   DICON FIBEROPTICS, INC.
22

23  DATED: March 28, 2007                          NIXON PEABODY LLP
24
25                                                 _____
                                                       Stephen G. Schrey
26                                                     Marcie A. Keenan

27                                                 Attorneys for Third-Party Defendant
                                                   SOLECTRON CORPORATION
28

                                              11
                        PROTECTIVE ORDER / CASE NO. C 06-05056 PJH

1        PURSUANT TO STIPULATION , IT IS SO ORDERED.

2
     Dated:  4- 4 - 0 7
3                                                    _____
                                                     Honorable Phyllis J. Hamilton
4                                                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    SF1 28280677.1 / 22165-000055

28
                                       12