UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUCENT TECHNOLOGIES INC.,
        Plaintiff,

    v.

DICON FIBEROPTICS, INC.,
        Defendant.
_____/

No. C 06-5056 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AMENDED COUNTERCLAIM**

      Plaintiff and Counterdefendant Lucent Technologies, Inc.'s ("Lucent") motion to dismiss DiCon Fiberoptics, Inc.'s ("DiCon") amended counterclaim and its accompanying request for judicial notice came on for hearing before this court on May 9, 2007. Lucent appeared through its counsel, Lawrence Butler. DiCon appeared through its counsel, Benjamin Riley. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS Lucent's motion to dismiss in part, DENIES the motion to dismiss in part, and DENIES Lucent's request for judicial notice, for the reasons stated at the hearing, and as follows.

      Lucent's request to take judicial notice of the declaration of Robert Schleicher and the accompanying exhibits is improper for the reasons stated at the hearing. The Schleicher declaration was prepared in response to a motion to transfer venue, and it does not purport to contain the entire history or description of all contracts at issue in this case. In addition, Lucent improperly asks the court to take judicial notice of the facts contained therein for the truth of the matter asserted. See, e.g., San Luis v. Badgley, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (court "may take judicial notice of a document filed in another court not for truth of matters asserted in the litigation, but rather to establish the fact of such litigation and related filings") (citation omitted).

1    With regards to Lucent's motion to dismiss, the following claims are adequately pled
2 under Federal Rule of Civil Procedure 8:  Breach of Implied Warranty; Promissory
3 Estoppel; Common Count for Money Paid; Common Count for Work and Labor Done;
4 Unjust Enrichment; Quantum Meruit; Violation of New Jersey Consumer Fraud Act; and
5 Violation of California Business & Professions Code § 17200.  However, DiCon has not
6 adequately pled claims for Breach of Contract and the Covenant of Good Faith and Fair
7 Dealing, Breach of Express Warranty, and Negligent Misrepresentation.
8    Federal Rule of Civil Procedure 8 requires that a complaint "contain ... a short and
9 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
10 8(a).  Under the "notice pleading" standard embraced by Rule 8, a plaintiff satisfies the rule
11 when he or she includes "sufficient allegations to put defendants fairly on notice of the
12 claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  In alleging
13 breach of contract and breach of covenant of good faith and fair dealing, DiCon has
14 generally alleged the existence of contractual agreements, including a series of written 52-
15 week forecasts made by Lucent to DiCon concerning the number of switches Lucent would
16 require.  See Am. Counterclaim ¶¶ 27-28, 30-32.  However, DiCon's allegations are
17 insufficient, as it has failed to plead the terms of the contracts allegedly breached, including
18 the number of switches Lucent agreed to purchase in each contract.
19    In alleging breach of express warranties, DiCon alleges that Lucent "expressly
20 warranted to DiCon that the LC Connectors would conform to their promises concerning the
21 LC Connectors."  Am. Counterclaim ¶ 20.  However, DiCon has not alleged what promises
22 were made, and has failed to give Lucent adequate notice of that claim under Rule 8.
23    Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or
24 mistake, the circumstances constituting fraud or mistake shall be stated with particularity."
25 To meet this standard, the pleading must provide "the who, what, when, where, and how of
26 the misconduct charged . . . . The plaintiff must set forth what is false or misleading about a
27 statement and why it is false."  Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th
28 Cir. 2003) (citations omitted).  The court may dismiss the complaint for failure to comply
   with Rule 9(b).  Id. at 1107-08.   DiCon alleges that Lucent made negligent

2

misrepresentations concerning the number of switches that it would purchase from DiCon, including but not limited to 52-week forecasts showing that Lucent would purchase in excess of 12,000 switches. These allegations, however, do not identify the time of the alleged misrepresentations, the amounts of each forecast, or the individuals involved in the various transactions.

Accordingly, the court dismisses DiCon's claims for Breach of Contract and the Covenant of Good Faith and Fair Dealing, Breach of Express Warranty, and Negligent Misrepresentation with leave to amend. DiCon shall amend its counterclaim within 30 days. Lucent shall have 20 days to respond to DiCon's counterclaim.

IT IS SO ORDERED.

Dated: May 10, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge